Date signed June 24, 2010



PAUL MANNES
U. S. BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

IN RE:　　　　　　　　　　　　　　　　：
　　　　　　　　　　　　　　　　　　　：
RALPH BONUCCELLI　　　　　　　　：　　Case No. 03-31729PM
DEIRDRE BONUCCELLI　　　　　　　：　　　　　Chapter 7
　　　　　　　　　　　　　　　　　　　：
　　　　　Debtors　　　　　　　　　　：
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -：

**MEMORANDUM OF DECISION**

　　　　This matter comes before the court on the Debtors' Objection to the Trustee's Final Report and Application for Compensation. Specifically, the Debtors object "to the Trustee's Final Report to the extent that the estate includes any sum in excess of the value of Mr. Bonuccelli's claim as a potential member of a class action suit as of the date of filing of the petition in this case." This Objection fails in numerous respects.

　　　　In the first instance, Debtors claimed the maximum exemptions allowable under Maryland law as of the time of the filing of this case on October 27, 2003. There is simply no "room" left to exempt any additional assets. Nor can Debtors, at this late stage, seek to amend their Schedule of Exemptions to substitute cash for the tangible personal property claimed as exempt in Schedule C, a copy of which is attached to this Opinion. The Trustee could not realize, at this late date, the same value in the automobiles and appliances that could have been realized as of the date of the filing of the case had Debtors elected to exempt proceeds of the class action case against Exxon Corporation that was filed in 1991 and that Debtors failed to disclose on their Schedules. Even were the Debtors able to accomplish this amendment of their claimed exemptions, all they could claim is the dollar value of the asset expressly declared

exempt.  *See Schwab v. Reilly*, ___ S.Ct. ___, 2010 WL 2400094 (June 17, 2010).  Debtors further urge that, if this court "concludes that the Trustee has received an amount in excess of the estate's entitlement, the Debtors reserve the right to make appropriate changes in their claimed exemptions."  In bankruptcy, a claim is defined in 11 U.S.C. § 101(5), as:

> **11 U.S.C. § 101.  Definitions**
>     (5) The term "claim" means--
>         (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fix, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or
>         (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

The undisclosed claim again Exxon Corporation was at all times property of the estate under the all-encompassing definition of § 541(a) of the Bankruptcy Code.  *See also In re Borchert*, 2010 WL 153384 *2 (BC N.D.N.Y).

Had Ralph Bonuccelli been up front with the court and disclosed the existence of this action to the Trustee, he might have claimed as exempt a portion of the proceeds up to the former $6,000.00 limit on exemptions and nothing more.  For the purpose of this objection to the Trustee's report, the fair market value of the Exxon Corporation claim at the time of the filing of this case on October 27, 2003, is immaterial.  *See generally Fitzgerald v. Davis*, 729 F.2d 306 (CA4 1984).  It may be noted that *Fitzgerald* points out that, when assets were sold in the course of administration of a case, the court may, in calculating the hypothetical equity of the debtors for the purpose of determining exemptions, consider the actual sales price of the asset in question.

Finally, the Trustee argues that the Objection to the proposed distribution was filed in bad faith.  While the court believes that the Objection is frivolous, it is not inclined to impose sanctions against the Debtor Ralph Bonuccelli and his attorney on account thereof.

cc:
Richmond T.P. Davis, Esq., 5525 Twin Knolls Road, Suite 325, Columbia, Md 21045
Ralph/Deirdre Bonuccelli, 13203 Idlewild Drive, Bowie, MD 20715
Cheryl E. Rose, Trustee, 12154 Darnestown Road, #623, Gaithersburg, MD 20878
United States Trustee, 6305 Ivy Lane, #600, Greenbelt  MD  20770

**End of Memorandum**

IN RE Bonuccelli, Ralph & Bonuccelli, Deirdre      Case No. 03-31729
Debtor(s)

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemptions to which debtor is entitled under:

(Check one box)

☐ 11 U.S.C. § 522(b)(1): Exemptions provided in 11 U.S.C. § 522(d). NOTE: These exemptions are available only in certain states.

☑ 11 U.S.C. § 522(b)(2): Exemptions available under applicable nonbankruptcy federal laws, state or local law where the debtor's domicile has been located for 180 days immediately preceding the filing of the petition, or for a longer portion of the 180-day period than in any other place, and the debtor's interest as a tenant by the entirety or joint tenant to the extent the interest is exempt from process under applicable nonbankruptcy law.

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT MARKET VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---:|---:|
| **SCHEDULE B - PERSONAL PROPERTY** | | | |
| Cash on Hand | ACM, C & JP § 11-504(b)(5) | 5.00 | 5.00 |
| Coastal Federal Credit Union- Savings Account | ACM, C & JP § 11-504(b)(5) | 242.00 | 242.00 |
| Educational Systems Employees Federal Credit Union | ACM, C & JP § 11-504(b)(5) | 195.00 | 195.00 |
| Suntrust Checking Account | ACM, C & JP § 11-504(f) | 1,200.00 | 1,200.00 |
| Wachovia Checking Account | ACM, C & JP § 11-504(f) | 250.00 | 250.00 |
| Microwave, Refrigerator, Dishwasher, Stove, Toaster, Pots and Pans, Washer, Dryer, Radio, Stereo, TV, Vacuums, Couch, Table, Chairs, Beds, Dressers, Nightstand, China Cabinet, Desk, File Cabinets, Patio Furniture, Crystal, Chest, Recliner | ACM, C & JP § 11-504(b)(4)<br>ACM, C & JP § 11-504(b)(5) | 1,000.00<br>3,000.00 | 4,000.00 |
| Books, Paintings, Photos | ACM, C & JP § 11-504(b)(5) | 1,000.00 | 1,000.00 |
| 1995 Ford Windstar - Poor Condition | ACM, C & JP § 11-504(b)(5) | 1.00 | 1.00 |
| 1996 Oldsmobile Cutlas Ciera Station Wagon | ACM, C & JP § 11-504(f) | 2,745.00 | 2,745.00 |
| 2001 Ford Windstar Sport | ACM, C & JP § 11-504(b)(5)<br>ACM, C & JP § 11-504(f) | 858.00<br>805.00 | 9,975.00 |
| Lawn Mower, Tools, And Garden Supplies | ACM, C & JP § 11-504(b)(5) | 200.00 | 200.00 |
| Sewing Machine, Automotive Tools and Boxes | ACM, C & JP § 11-504(b)(5)<br>ACM, C & JP § 11-504(b)(1) | 500.00<br>5,000.00 | 5,500.00 |

SCHEDULE C - PROPERTY CLAIMED AS EXEMPT